FILED
U.S. District Court
District of Kansas
11/20/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAMILO MARADIAGA BUSTAMANTE,

Petitioner,

v.

Case No. 26-3409-JWL

Warden, Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE;
MARKWAYNE MULLIN, DHS Secretary;
Department of Homeland Security; and
TODD BLANCHE, Attorney General,

Respondents.

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner alleges that he has been detained since August 28, 2026, by immigration officials pending removal proceedings, and that he is presently in custody in this judicial district. On October 26, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. §

2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner claims that he should not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that he is therefore entitled to a bond hearing under 8 U.S.C. § 1226(a). The Government has confirmed that petitioner is being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute. The Government also concedes that petitioner is entitled to request a bond hearing in immigration court under that statute. Indeed, a bond hearing was scheduled for petitioner in immigration court on November 4, 2026, but at that hearing petitioner withdrew his request for release on bond. Petitioner notes in his traverse that he has still not received a bond determination in immigration court. He does not deny that such a determination is available to him upon request, however, nor has he alleged that any request to the immigration court for a hearing has been denied. Because petitioner has not shown that he has been denied the opportunity to have a bond hearing, which remains available to him, he has not shown that his detention violates federal law, and accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 20th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge